52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael C. DAVIS, Petitioner-Appellant,
v.
Jerry STAINER, Warden; Dan Lungren, Attorney General for
the State of California, Respondents-Appellees.
 No. 93-56663.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 10, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael C. Davis, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. The district court dismissed Davis's petition as an abuse of the writ. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review for an abuse of discretion, Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994), and affirm.
 
 
 3
 A petitioner abuses the writ of habeas corpus if he raises a new claim in a subsequent habeas petition that he could have raised in his first habeas petition. Rule 9(b), 28 U.S.C. foll. Sec. 2254; McCleskey v. Zant, 499 U.S. 467, 489 (1991). The state bears the initial burden of pleading abuse of the writ. McCleskey, 499 U.S. at 494. The state satisfies its burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. Id. The burden then shifts to the petitioner to show cause for failing to raise the claim earlier and prejudice resulting from the errors of which he complains. Id.; Campbell, 997 F.2d at 524.
 
 
 4
 If the petitioner cannot show cause, he may obtain review of his constitutional claims only if he falls within "the narrow class of cases ... implicating a fundamental miscarriage of justice." Schlup v. Delo, 115 S.Ct. 851, 861 (1995) (citing McCleskey, 499 U.S. at 494). A fundamental miscarriage of justice occurs in those extraordinary instances when a constitutional error has probably resulted in the conviction of one who is actually innocent of the crime. Schlup, 115 S.Ct. at 867; McCleskey, 499 U.S. at 494. In order to meet this narrow exception, the petitioner must supplement his claim of constitutional error with a colorable showing of factual innocence. Schlup, 115 S.Ct. at 864-65; McCleskey, 499 U.S. at 495. The petitioner must support his allegations of constitutional error with new reliable evidence that was not presented at trial in order to show that he is actually innocent of the crime. Schlup, 115 S.Ct. at 865.
 
 
 5
 Davis does not dispute that he has raised new claims for the first time in a second federal habeas petition. See McCleskey, 499 U.S. at 494. In addition, Davis does not contend that he can show cause and prejudice. See id.
 
 
 6
 Davis contends that his case falls into the narrow "fundamental miscarriage of justice" exception because he has made a colorable showing of factual innocence. See Schlup, 115 S.Ct. at 861. Specifically, Davis contends that the evidence was insufficient to support his murder conviction and that he was denied the right to a fair trial by an impartial jury representing a fair cross-section of the community. These contentions lack merit because Davis has failed to supplement his allegations of constitutional error with a colorable showing of factual innocence. See id. at 864-65; McCleskey, 499 U.S. at 494-95. Davis has failed to provide any new reliable evidence that was not presented at trial. See Schlup, 115 S.Ct. at 865. Accordingly, the district court did not abuse its discretion in dismissing Davis's Sec. 2254 petition as an abuse of the writ. See Campbell, 997 F.2d at 516.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3